### SERTICH v. BALTIMORE & O. R. CO.

Circuit Court of Appeals, Fourth Circuit.
November 8, 1928.

No. 2777.

J. J. P. O'Brien, of Wheeling, W. Va. (Frank A. O'Brien, of Wheeling, W. Va., on the brief), for appellant.

Frank W. Nesbitt, of Wheeling, W. Va. (Russell G. Nesbitt, of Wheeling, W. Va., on the brief), for appellee.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PER CURIAM. We think that the evidence in this case establishes that the crossing in question was a public crossing, and that there was sufficient evidence of negligence on the part of the defendant to have taken the case to the jury on that issue. We think, however, that contributory negligence on the part of plaintiff was conclusively established within the principles enunciated in the Goodman and Waid Cases, and that a verdict for defendant was properly directed. Baltimore & O. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167; Chesapeake & O. R. Co. v. Waid (C. C. A. 4th) 25 F. (2d) 366, 367.

Plaintiff was thoroughly familiar with the crossing where he was injured. When he drove upon it, he knew that the fast train which struck him was due. Notwithstanding this, he drove his heavily overloaded truck onto the crossing from behind box cars which stood on a spur track and which shut off his view in the direction from which the train was approaching. He took no precautions other than to stop just before reaching the box cars and listen for the train with the noisy motor of his truck still running. Not hearing the train, he proceeded, although he knew, or should have known, that, if it was approaching, he would be in the danger zone before he could see it. He voluntarily took the chance which the situation involved, and, under the doctrine of the Goodman Case he cannot recover.

Affirmed.